RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 DEC -9 PM 2: 23

NICOLE MARIE RUIZ,
    Plaintiff,

v.                                   CASE NO.: 8:14cv3066T23 AEP

OCWEN LOAN SERVICING, LLC,
and
CENLAR FSB,

    Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff Nicole Marie Ruiz, by and through undersigned counsel, sues Ocwen Loan Servicing, LLC, and Cenlar, FSB, and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal FDCPA. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

TPA-27285
$400

## PARTIES

4	Plaintiff Nicole Marie Ruiz ("Ms. Ruiz") is a natural person resident in the City of Madeira Beach, County of Pinellas, State of Florida, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), and Fla. Stat. § 559.55(2).

5.	Defendant Ocwen Loan Servicing, LLC ("Ocwen"), is a Delaware limited liability company, does business in the State of Florida, and is a "creditor" as that term is defined by Fla. Stat. § 559.55(3), and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72.

6.	Defendant Cenlar FSB ("Cenlar") (collectively with Ocwen, as "Defendants"), is a federal savings bank, headquartered in New Jersey, does business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6).

7.	The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

8.	On or about December 13, 2013, Plaintiff filed a Chapter 7 bankruptcy petition (the "Bankruptcy Petition") in the United States Bankruptcy Court for the Middle District of Florida. Case No., 8:13-bk-16335-KRM, Doc. 1.

9.	Defendant Ocwen held a first and second mortgage on property that served as Plaintiff's residence.

10. Ocwen is listed a scheduled creditor on Schedule D of the Bankruptcy Petition for both the first and second mortgage.

11. Ocwen was provided notice informing it that Plaintiff was represented by bankruptcy counsel, Scott D. Stamatakis, and providing counsel's contact information. *Id.*, Doc. 7.

12. On or about February 18, 2014, Plaintiff, through bankruptcy counsel, filed a motion to "strip" the second mortgage from the bankruptcy, which would render it as unsecured debt no longer collateralized by the property. *Id.*, Doc. 9.

13. The Bankruptcy Court granted that motion to "strip" on April 4, 2014. *Id.*, Doc. 15.

14. The Bankruptcy Court entered its Discharge Order on March 18, 2014. *Id.*, Doc. 13. Defendant Ocwen was a scheduled creditor and had notice of the Bankruptcy Petition and the Discharge Order.

15. Pursuant to 11 U.S.C. § 524(a)(2), the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

16. Despite having knowledge about the bankruptcy, the fact that the second mortgage was stripped, and that Plaintiff received a bankruptcy discharge, Defendant Ocwen, and its servicer Cenlar, attempted to collect the discharged debt and threatened to foreclose when it had no right to do so.

17. On or about October 16, 2014, Plaintiff received from Cenlar a letter (the "Collection Letter") regarding the second mortgage demanding payment of $2,035.41 by November 20, 2013. A copy of the letter is attached as Exhibit A. Upon information and belief, Cenlar became servicer of the second mortgage after it was defaulted upon.

18. The Collection Letter indicates that if payment is not received in time, then Defendants "may require immediate payment of all sums secured by the Mortgage without further demand and foreclose the Mortgage by judicial proceedings," among other things.

19. The letter also states "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." Ex. A (emphasis in original).

20. An inconspicuous footnote attempts to disclaim liability by stating that, if the reader has received a bankruptcy discharge, then the letter demanding payment is actually only "a notice regarding enforcement of a lien against the mortgaged property." However, there is no lien against the mortgaged property by order of the bankruptcy court, and therefore the Collection Letter could not be a notice regarding enforcement of such a lien.

21. On or about October 22, 2013, After receiving the letter and being terrified by the threats therein, Plaintiff telephoned Defendant Cenlar and was falsely told she was still responsible for the second mortgage, even though it had been discharged in bankruptcy.

22. Plaintiff then called Defendant Ocwen, whose representative also stated that Plaintiff was still responsible for the debt.

23. Despite knowing that Plaintiff obtained a bankruptcy discharge and the second mortgage was "stripped" and became unsecured debt, Defendants demanded payment of the

discharged debt and threatened to foreclose on the property when it had no legal right to do so. These actions violated both the Discharge Order, the FDCPA, and the FCCPA.

## COUNT I

### VIOLATION OF THE FCCPA BY OCWEN

24. This is an action against Federated for violation of Fla. Stat. § 559.55 *et seq.*

25. Plaintiff re-alleges and reincorporates paragraphs 1 through 23, as if fully set forth herein.

26. Ocwen is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq.*

27. The Alleged Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

28. Ocwen communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

29. Through the conduct described in paragraphs above, Ocwen violated the following provisions of the FCCPA:

> Fla. Stat. § 559.72 provides, in pertinent part:
>
> In collecting consumer debts, no person shall:
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (9) . . . assert the existence of some other legal right when such person knows that the right does not exist

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

30. All conditions precedent to this action have occurred, have been satisfied or have been waived.

31. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Ocwen is liable to Plaintiff for her actual damages, statutory damages, and reasonable attorney's fees and costs.

32. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Ocwen as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Ocwen, finding that Ocwen violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FDCPA BY CENLAR

33. This is an action against Cenlar for violations of 15 U.S.C. § 1692 *et seq.*

34. Plaintiff realleges and reincorporates paragraphs 1 through 23, as if fully set forth herein.

35. Cenlar, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

36. The principal business of Cenlar is the collection of defaulted debts and Cenlar regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Cenlar is a "debt collector" under 15 U.S.C. § 1692a(6).

37. The debt at issue is a "debt" as defined by 15 U.S.C. §1692a(5) because it is for primarily personal, family, or household purposes.

38. Through the conduct described in the paragraphs above, Cenlar violated the following provisions of the FDCPA:

> Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part, as follows:
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (a)(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.
>
> Section 15 U.S.C. § 1692d provides, in pertinent part, as follows:
>
> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
>
> Section 15 U.S.C. § 1692e provides, in pertinent part, as follows:
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Section 15 U.S.C. §1692f provides, in pertinent part, as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

39. As a result of Cenlar's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

40. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Cenlar has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE FCCPA BY CENLAR

41. This is an action against Federated for violation of Fla. Stat. § 559.55 *et seq*.

42. Plaintiff re-alleges and reincorporates paragraphs 1 through 23, as if fully set forth herein.

43. Cenlar is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq*.

44. The Alleged Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

45. Cenlar communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

46. Through the conduct described in paragraphs above, Ocwen violated the following provisions of the FCCPA:

> Fla. Stat. § 559.72 provides, in pertinent part:
>
> In collecting consumer debts, no person shall:
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> (9) . . . assert the existence of some other legal right when such person knows that the right does not exist
>
> (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

47. All conditions precedent to this action have occurred, have been satisfied or have been waived.

48. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Cenlar is liable to Plaintiff for her actual damages, statutory damages, and reasonable attorney's fees and costs.

49. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Cenlar as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Cenlar, finding that Cenlar violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated: December 9, 2014

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax: (813) 336-0832

**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorneys for Plaintiff